IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GARY ALLEN HARRINGTON

Civ. No. 1:16-cv-00200-CL

Plaintiff,

v.

REPORT
& RECOMMENDATION

STATE OF OREGON, et al., and
THE UNITED STATES OF AMERICA, et al.,

Defendants.

CLARKE, Magistrate Judge.

Plaintiff Gary Allen Harrington brings this action *pro se*. He alleges that Oregon executive, judicial, and administrative officials committed a variety of tort and constitutional law transgressions. Mr. Harrington also names various federal defendants. Eugene Pringle filed a motion to intervene while the present matter was pending.

The Court evaluates the complaint under *pro se* pleading standards, which instruct that filings be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010). For the reasons set forth below, the state and federal defendants' separately-filed Motions to Dismiss

Page 1 – **REPORT & RECOMMENDATION**

(Dckt. # 15, 21) should be GRANTED. The Motion to Intervene (Dckt. # 32) should be DENIED.

## FACTS

Mr. Harrington's water use has been the subject of protracted civil and criminal litigation in Oregon courts, and an earlier civil complaint in this Court. Mr. Harrington owns property near Crow Foot Creek, [1] and has stored water without state permits on this land. He was convicted of illegally storing water in 2004, and his subsequent appeals were unsuccessful. *Harrington v. Water Res. Dep't.*, 216 Or. App. 16 (2007). In 2007, Mr. Harrington brought the matter to this Court, alleging various claims under 42 U.S.C. § 1983. This Court granted summary judgment to defendants. *Harrington v. Ward et al.*, Civ. No. 06-460-CL, 2007 WL 2816214 (D. Or. 2007) (Clark, J.). Mr. Harrington continued to illegally store water, and was again prosecuted in 2008; following completion of probation he recommenced illegally storing water. He was again convicted in 2012. Mr. Harrington refused the Jackson County Circuit Court's order to cease water storage, and state agency officials entered the property upon order and drained the reservoirs.

## STANDARDS

To survive a motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). It must contain sufficient factual plausibility to allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Iqbal,* 556 U.S. at 678. Conclusions are not entitled to presumptions of truth, *id.* at

---

[1] Mr. Harrington maintains that he recently transferred title to the Farm of the Family Recreation Association, which is composed of Mr. Harrington and his family. The distinction is presently irrelevant.

Page 2 – **REPORT & RECOMMENDATION**

679, and formulaic recitation of the elements of a claim are insufficient. *Id.* at 681. However, the Court may dismiss the matter "only where there is no cognizable legal theory" or there is an "absence of sufficient factual matter to state a facially plausible claim for relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Evaluating pleading is a "context-specific task" that requires the reviewing court to draw upon experience and common sense. *Iqbal*, 556 U.S. at 679.

Pleadings presented *pro se* "must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citations omitted). The Court may not dismiss the matter on the grounds that allegations were too conclusory, *id.*, and *pro se* filings are construed liberally in evaluating a motion to dismiss. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). Dismissal of a *pro se* complaint without leave to amend is proper "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rouse v. U.S. Dep't of State,* 567 F.3d 408, 4178-19 (9th Cir. 2008) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)).

## DISCUSSION

Mr. Harrington alleges four tort and four constitutional claims. The tort claims are trespass, false arrest, imprisonment, and breach of fiduciary duty (Claims One, Three, Four, and Seven). The constitutional claims are taking, impairment of contractual obligation, cruel and unusual punishment, and due process violation (Claims Two, Five, Six, and Eight). The Court liberally construes Plaintiffs' Complaint, and finds that it raises claims under 42 U.S.C. § 1983 against various Oregon state officials, and direct tort, contract, and constitutional claims against three federal officials.

///

Page 3 – **REPORT & RECOMMENDATION**

## I.    State Defendants' Immunity

Oregon state defendants claim immunity based upon judicial, prosecutorial, and official capacity immunity standards. Any of these is "immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Court is instructed to make determinations of immunity early in the course of litigation because it presents "entitlement to immunity from suit, rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 808, 815 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The proponent of an immunity claim bears the burden of establishing its justification. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 431 (1993).

### A.    Judicial Immunity

Mr. Harrington seeks damages from Jackson County Circuit Judges Lorenzo Mejia and Tim Gerking. Compl., p. 2 (Dckt. #1). He claims specifically that they deprived him of due process rights, failed to provide a "meaningful trial," and, consequently, improperly ordered his incarceration and subsequent solitary confinement. *Id.* at 4.

Judicial immunity is absolute and cannot be overcome by allegations of bad faith and malice. *Mireles*, 502 U.S. at 11. It would only not apply when a judicial officer takes actions outside of the judicial officer's official capacity, or in absence of jurisdiction. *Id.* at 11-12 (internal citations omitted). These circumstances are not present. Although Mr. Harrington infers Oregon courts are without jurisdiction in matters pertaining to his conduct, this is unfounded. The claims against Judges Mejia and Gerking should be dismissed.

///

///

## B. Prosecutorial Immunity

Mr. Harrington seeks similar recourse regarding Oregon Attorney General Ellen Rosenblum and Assistant Attorney General Patrick Flanagan. Compl., p. 2. Both were involved in Mr. Harrington's prosecution for criminal water law violations. Defendants named because of their prosecutorial functions are entitled to absolute immunity. *Olsen v. Idaho State Bd. of Med. Examiners*, 363 F.3d 916, 922 (9th Cir. 2004). The claims against Ms. Rosenblum and Mr. Flanagan should be dismissed.

## C. Qualified Immunity

Mr. Harrington's claims against the remaining Oregon state defendants – Governor Kate Brown, Jeff Allison, Brad Bennett, Everett Carroll, Barton Chapman, Mike Cushman, Dwight French, David Gifford, Reich Gonsalves, Jeremiah Griffin, George Harshman, Anita Huffman, Marty Marchand, Jerry Marmon, Janelle McFarland-Dunlevy, Larry Menteer, Kirk Meyer, Keith Mills, Josh Nugent, Steve Sill, Jason Stone, Bruce Sund, Gary Thompson, Jeff Thompson, Phillip Ward, a Larry Withers – all relate to state officials performing official duties. Aside from the Governor, these defendants work for the Oregon State Police, Department of Water Resources, and Department of Transportation.

Qualified immunity shields government officials acting in the course of duty when he or she makes a decision that "even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Where an officer did not violate clearly established law, further analysis is unnecessary. *Callahan*, 555 U.S. at 243.

Page 5 – **REPORT & RECOMMENDATION**

The Court has carefully examined the Complaint. It alleges no unlawful act on the part of any Oregon official. All were acting in performance of their respective offices and duties. The named persons are therefore entitled to qualified immunity.

## II. Federal Defendants

The Complaint names U.S. Attorney Loretta Lynch, Secretary of the Interior Sally Jewell, and Bureau of Land Management Director Neil Kornze. Compl. p. 1-2. It neither alleges nor describes any acts performed by these defendants.

It is axiomatic that a complaint must contain a "short and plain statement of the claim for relief." Fed. R. Civ. P. 8(a)(2). Further, it must contain sufficient factual information to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Without factual allegations describing identifiable conduct by the federal plaintiffs, no claim arises for evaluation under even the most liberal pleading standards. The claims against them should be dismissed.

## III. Leave to Amend

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

Mr. Harrington should be given an opportunity to amend and refile his claims against those Oregon state defendants entitled to qualified immunity. The Court cannot say that it would be impossible for Mr. Harrington to allege facts sufficient to state a claim for relief on all issues

Page 6 – **REPORT & RECOMMENDATION**

raised in the Complaint relating to these defendants. Because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment," Mr. Harrington should be given an opportunity to amend and refile. *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1257-58 (9th Cir.1980); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980).

With respect to all other defendants, however, dismissal without leave to amend is appropriate. Amended pleadings will not circumvent the absolute immunity held by Jackson County Circuit Judges Lorenzo Mejia and Tim Gerking, as well as Oregon Attorney General Ellen Rosenblum and Assistant Attorney General Patrick Flanagan. Moreover, no federal official participated in any act or event related to Mr. Harrington's claims. Therefore, any attempt to amend with respect to these defendants would be futile. In such circumstances, dismissal without leave to amend is appropriate. *Rouse*, 567 F.3d at 418-19.

## RECOMMENDATION

For the reasons stated above, Motions to Dismiss presented by state and federal defendants (Dckt. # 15, 21) should be GRANTED. Mr. Harrington should be given an opportunity to amend and refile his Complaint as it pertains to those Oregon state defendants entitled to qualified immunity. Regarding all other defendants, however, dismissal without leave to amend is appropriate. Finally, the Motion to Intervene (Dckt. # 32) should be DENIED as moot.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that the failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of September 2016.

MARK D. CLARKE
United States Magistrate Judge